**Katten**

1919 Pennsylvania Avenue, NW
Suite 800
Washington, DC 20006
+1.202.625.3500 tel
katten.com

**ROBERT T. SMITH**
robert.smith1@katten.com
+1.202.625.3616 direct
+1.202.339.6059 fax

February 1, 2024

The Honorable Dale E. Ho
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007
HoNYSDChambers@nysd.uscourts.gov

**Re:** *Tang v. Qiao, et al.*, No. 1:23-cv-8760 (S.D.N.Y.):
Joint Status Letter in Response to Court Order, dated January 9, 2024

Dear Judge Ho:

Our firm represents Defendants UBS Bank USA and HSBC Bank USA, N.A.[*] With the consent of Plaintiff John Y. Tang and Defendants U.S. Bank National Association, Geng & Associates, P.C., Ting Geng, and Sylvia Tsai (together with UBS Bank USA and HSBC Bank USA, N.A., "Defendants"), the parties that have appeared to date respectfully submit this joint status letter in response to the Court's order dated January 9, 2024.

As directed by the Court, the parties have met and conferred regarding a proposed briefing schedule for any contemplated motions to dismiss. Although the parties worked in good faith to reach an agreement, they are at an impasse as to whether a briefing schedule should be set at this time and what such a schedule should look like. Defendants believe the Court should enter a briefing schedule immediately and have proposed a schedule for their contemplated motions to dismiss. Plaintiff proposes to set the briefing schedule at the completion of the service on all five foreign bank Defendants. Accordingly, the parties hereby submit their respective proposals for the Court's consideration.

**Plaintiff's Position (*drafted by Plaintiff John Y. Tang*)**

The service on the foreign banks adds complexity to the scheduling. While Plaintiff has all the intention to move the case quickly, to set the briefing schedule after all foreign entities are served is the best option. First, the five foreign bank Defendants will be served as a matter of certainty at different time within one to five months and thus the Court and parties will have to revisit the scheduling issue multiple times one after another. Plaintiff has asked Counsel for UBS Bank USA and HSBC Bank USA, N.A., who also represents the foreign banks, to enter appearance for them so that one consolidated briefing schedule can be set now. Second, citing as the reason to set briefing schedule now, Counsel for Defendants UBS Bank USA and HSBC Bank USA, N.A. seem to believe

---

[*] Katten also represents HSBC Canada, HSBC Holdings PLC, UBS AG Singapore Branch, and UBS Group AG, but those entities have not yet been served in this matter. Katten does not represent "HSBC Hong Kong" because no such entity exists. Katten had informed Mr. Tang of these facts, but he mistakenly represented to the Court that Katten does not represent the foreign HSBC and UBS affiliates. Those affiliates have not waived service — in part because they perceive Mr. Tang's action as meritless.

KATTEN MUCHIN ROSENMAN LLP
CENTURY CITY    CHARLOTTE    CHICAGO    DALLAS    LOS ANGELES
NEW YORK    ORANGE COUNTY    SHANGHAI    WASHINGTON, DC
A limited liability partnership including professional corporations
LONDON: KATTEN MUCHIN ROSENMAN UK LLP



they can time the dispositive motion for the foreign banks after the Court's decision on the dispositive motions for domestic banks to recycle arguments, which might not be the case due to the differing factual allegations against each Defendant. Additionally the projected time of completion of service on the foreign bank Defendants indicates the foreign banks will be served before the Court's decision on the dispositive motions for domestic banks.

Plaintiff makes this proposal purely from the perspective of case management because that does not bring any perceivable benefit to Plaintiff or any prejudicial to Defendants. In contrast, Defendants base their proposal on the calculus of gaining litigation advantage for themselves, e.g., the foreign bank Defendants can tailor their motions to dismiss depending on the Court's decision on the domestic banks' motions; the Court could stay the foreign bank Defendants' obligation to respond timely until the Court adjudicates the pending motion to dismiss. Simply put, Defendants are not entitled to such flexibility. To achieve their goal, Counsel for the foreign banks declined to accept the service on behalf of the foreign banks and refused to enter appearance for the foreign banks now, which will enable the Court to set a single briefing schedule immediately.

If Plaintiff's proposal is not accepted by the Court, Plaintiff propose the following briefing schedule in consideration of the number of concurrent dispositive motions that Plaintiff has to oppose and the fact Defendants have months to prepare for their motions. Plaintiff's proposed briefing schedule was rejected by Defendants' Counsel.

> March 4, 2024:   Dispositive Motions Due (30 days from February 2);
>
> May 18, 2024:    Responses in opposition due (75 days); and
>
> June 17, 2024:   Replies in support of motions due (30 days).

As for Defendants who were served but have not appeared timely, namely, Defendants Jianjun Qiao, Shilan Zhao and Yuxin Qiao, Plaintiff has no practical way of contacting them or their Counsel. Plaintiff respectfully seeks the Court's clarification on whether Plaintiff should treat them as not in default and should assume those Defendants will appear after the Court set the dateline for answer, move or otherwise respond to the Complaint.

**Defendants' Position**

Defendants maintain that Mr. Tang's complaint is facially deficient and suffers from several fatal flaws, compelling dismissal of the claims against them. To that end, they request that the Court set the briefing schedule proposed below and allow them to proceed promptly toward filing their motions to dismiss.

**1.   Setting a Briefing Schedule Now Is the Most Efficient Path Forward.**

There is no reason to delay setting a briefing schedule. This case has been pending for almost four months and Defendants, at least, are prepared to move forward promptly. Indeed, several similarly situated defendants (such as the bank defendants) are discussing coordinated briefing efforts to avoid filing repetitive arguments and to reduce the burden on the Court and the plaintiff.

The fact that Mr. Tang has not completed service of certain defendants does not justify further delay. For one thing, the arguments that the U.S.-based HSBC and UBS



defendants anticipate raising apply with equal force to the foreign-based affiliates. To be sure, those foreign defendants likely have *additional* arguments and defenses they can assert, such as lack of personal jurisdiction. But because there is undisputed personal jurisdiction over at least one defendant in this case, the Court can reach the merits as to all defendants without concern about any jurisdictional issues. *See Chevron Corp. v. Naranjo*, 667 F.3d 232, 246 n.17 (2d Cir. 2012).

As a result, there are inherent efficiencies in proceeding now. Should the Court agree with any of the merit-based arguments raised by the defendants, it could apply that rationale to the unserved foreign affiliates. That, in turn, would save the parties and the Court time in dealing with any additional defenses and arguments the foreign banks could raise. Alternatively, if the Court rejects the Defendants' arguments, then that decision would become the law of the case as to the foreign banks, and the parties could focus their attention on the unique defenses of those entities if they are served properly. And even if Mr. Tang serves some of the banks, the court could stay their obligation to respond until it adjudicates the pending motions to dismiss, potentially saving the parties and the Court from addressing additional arguments that prove unnecessary to resolve.

Moreover, Mr. Tang's position—that the Court should stay the case until service is completed on the foreign HSBC and UBS affiliates—appears inconsistent with the Court's request that the parties submit a proposed briefing schedule. The Defendants believe that, had the Court wanted to wait until all defendants have been served, it would have adjourned the briefing pending a further update on the plaintiff's efforts at service. Instead, the Court asked the parties to propose a briefing schedule that contemplates moving forward now. Particularly given that Mr. Tang is unable to state when service might be completed on all defendants, there is no reason to delay briefing any further.

**2.  Defendants' Briefing Schedule.**

Defendants propose that the following briefing schedule should govern their anticipated motions to dismiss.  In Defendants' view, this schedule properly balances the desire for a prompt resolution of the case, as well as respecting the possibility that Mr. Tang may have to respond to multiple motions.

| | |
|---|---|
| March 4, 2024: | Dispositive Motions Due (30 days from February 2); |
| April 18, 2024: | Responses in opposition due (45 days); and |
| May 9, 2024: | Replies in support of motions due (21 days). |

In Defendants' view, the schedule proposed by Mr. Tang is unnecessarily long. Should Mr. Tang discover he needs additional time to prepare responses after Defendants motions are filed, he can seek an appropriate extension at that time. There is no reason to set a schedule at the outset that is more than five times the normal briefing schedule in this district. *See* Local Civil Rule 6.1(b).

Respectfully submitted,

/s/ Robert T. Smith

Robert T. Smith
*Counsel for UBS Bank USA and HSBC Bank USA, N.A.*