UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN Y. TANG,<br><br>       Plaintiff,<br><br>    v.<br><br>JIANJUN QIAO et al.,<br><br>       Defendants. | 23 Civ. 8760 (DEH)<br><br>**OPINION & ORDER** |

DALE E. HO, United States District Judge:

Currently before the Court is Plaintiff John Tang's Letter Motion for Leave to File a Third Amended Complaint ("TAC"). ECF No. 138. For the reasons explained below, Mr. Tang's Motion is **DENIED**.

## I. Background

The Court's September 23, 2024 Opinion & Order (the "MTD Opinion") explains the factual and procedural background of this case. *See* ECF No. 133. The Court assumes the parties' familiarity with the MTD Opinion. For the purposes of adjudicating the pending Motion, the Court notes the following: Mr. Tang's suit is against one of his former clients, Defendant Jianjun Qiao, and several individuals and entities affiliated with Mr. Qiao, including the law firm representing Mr. Qiao in a state court action against Mr. Tang (the "Geng Defendants") and several banks at which Mr. Qiao holds or formerly held accounts (the "Bank Defendants").[1] Mr. Tang's Second Amended Complaint ("SAC") asserted two claims under the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1961, *et seq.*—a substantive RICO claim and a RICO

---

[1] The Geng Defendants are Geng & Associates P.C., Ting Geng, and Sylvia P. Tsai. The Bank Defendants are HSBC Bank USA, N.A.; HSBC Bank Canada; HSBC Hong Kong; HSBC Holdings PLC; UBS Bank USA; UBS AG Singapore Branch; UBS Group AG; and U.S. Bank N.A.

conspiracy claim—against the Bank Defendants and the Geng Defendants. *See* SAC ¶¶ 96-121, ECF No. 116.  The SAC also asserted a claim for aiding and abetting fraud against the Bank Defendants and the Geng Defendants.  *See id.* ¶¶ 136-39.

The Bank Defendants and the Geng Defendants moved to dismiss all claims against them: the Geng Defendants filed one motion to dismiss, HSBC USA and UBS USA jointly filed another motion to dismiss, and U.S. Bank N.A. filed the third and final motion to dismiss.  *See* ECF Nos. 83 (Geng Defendants), 87 (HSBC USA and UBS USA), and 94 (U.S. Bank N.A.).  The Court granted those motions in the MTD Opinion for several reasons.  With respect to Mr. Tang's substantive RICO claim, the Court held that the SAC neither "adequately allege[d] a RICO enterprise" nor "adequately plead[ed] a pattern of racketeering activity," "meaning that it fail[ed] to sufficiently allege any RICO violation." MTD Opinion at 10, 11, 13.  Thus, the Court dismissed it.  The Court then dismissed Mr. Tang's RICO conspiracy claim because such a claim is predicated on a plaintiff adequately alleging a substantive RICO claim.  *See id.* at 14 ("If a complaint fails to state a substantive RICO claim, it also fails to state a claim for RICO conspiracy.").  Regarding Mr. Tang's other claim against the Bank Defendants and Geng Defendants, the Court held that "[t]he SAC d[id] not state a claim for aiding and abetting fraud" because it failed to adequately allege these Defendants had knowledge of Mr. Qiao's fraudulent activities as required by Rule 9 of the Federal Rules of Civil Procedure.[2]  *See id.* at 15.  The MTD Opinion ended with the Court permitting Mr. Tang to seek leave to amend his complaint for the second time.  *See id.* at 17.

II.     **Mr. Tang's Current Motion to Amend**

Mr. Tang subsequently filed this Motion, attaching his proposed TAC as an exhibit.  *See* Proposed TAC, ECF No. 138-1.  In relevant part, the proposed TAC separates Mr. Tang's RICO

---

[2] All subsequent references to Rules are to the Federal Rules of Civil Procedure.

claims into two separate counts, one against Mr. Qiao (Count I) and the other against Mr. Qiao, his ex-wife, son, the Bank Defendants and the Geng Defendants (Count II).³ It includes additional facts purportedly substantiating Mr. Tang's RICO claims against the Bank Defendants and the Geng Defendants. *See id.* ¶¶ 132-60. It also amends the civil conspiracy count to include all Defendants, and it withdraws the previous count of aiding and abetting fraud against the Bank Defendants and the Geng Defendants. *See id.* ¶¶ 170-77; Letter Mot. at 2, ECF No. 138. The Geng Defendants and the Bank Defendants oppose Mr. Tang's Motion. *See* HSBC USA and UBS USA's Resp. to Pl.'s Req. for Leave to File Third Am. Compl., ECF No. 140; U.S. Bank's Resp. to Pl.'s Req. for Leave to File Third Am. Compl., ECF No. 141; Geng Defs.' Opp'n to Pl.'s Letter Mot. to Am. Compl., ECF No. 142.

### A. Legal Standard

Under Rule 15, "leave to amend should be freely granted when 'justice so requires.'" *Pangburn v. Culbertson*, 200 F.3d 65, 70 (2d Cir. 1999) (quoting Fed. R. Civ. P. 15(a)).⁴ "However, leave need not be granted in cases of 'futility of amendment.'" *Meyer v. Seidel*, 89 F.4th 117, 140 (2d Cir. 2023) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) . . . ." *Empire Merchants, LLC v. Reliable Churchill LLLP*, 902 F.3d 132, 139 (2d Cir. 2018).

---

³ Though Mr. Tang divides his RICO claims into two separate ones, the enterprise(s) alleged in both RICO claims are the same. *See* Proposed TAC ¶¶ 117-19; 135-37. Thus, the Court's enterprise analysis, *infra*, applies equally to Counts I & II.

⁴ In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

3

### B. Application

#### 1. Legal Standard for a Civil RICO Claim

To state a civil RICO claim, Plaintiff must adequately plead (1) "that the individual defendants committed a substantive RICO violation" and (2) "that the violation proximately caused an injury to [his] business or property." *NRP Holdings LLC v. City of Buffalo*, 916 F.3d 177, 196 (2d Cir. 2019); *see also* 18 U.S.C. § 1964(c) (providing a private right of action for persons injured "by reason of" a substantive RICO violation). To plead a substantive RICO violation under the first prong, Plaintiff must allege that Defendants engaged in "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Cruz v. FXDirectDealer, LLC*, 720 F.3d 115, 120 (2d Cir. 2013). Relevant here are prongs two, three, and four.

##### a. Enterprise

Mr. Tang accuses the Geng and Bank Defendants, along with various other Defendants, of being in a RICO "association in fact enterprise within the meaning of 18 U.S.C. § 1961(4)." Proposed TAC ¶¶ 135-36. The RICO statute defines an "enterprise" as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). "[A]n association-in-fact enterprise is a group of persons associated together for a common purpose of engaging in a course of conduct." *Boyle v. United States*, 556 U.S. 938, 946 (2009). It "is proved by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit." *Id.* at 945. "This type of RICO enterprise 'must have at least three structural features: [1] a purpose, [2] relationships among those associated with the enterprise, and [3] longevity sufficient to permit these associates to pursue the enterprise's purpose.'" *D. Penguin Bros. v. City Nat'l. Bank*, 587 F. App'x 663, 668 (2d Cir. 2014) (quoting *Boyle*, 556 U.S. at 946).

4

### b. Pattern of Racketeering Activity

Mr. Tang also accuses the Geng and Bank Defendants, along with other Defendants, of engaging in a pattern of racketeering activity. *See* Proposed TAC ¶¶ 138-47. "A pattern of racketeering activity consists of, *inter alia*, at least two acts of racketeering activity." *Crawford v. Franklin Credit Mgmt. Corp.*, 758 F.3d 473, 487 (2d Cir. 2014). "[T]o prove such a 'pattern,' a civil RICO plaintiff also 'must show that the racketeering predicates are related, *and* that they amount to or pose a threat of continued criminal activity.'" *Id.* (emphasis in original). Moreover, a plaintiff "must demonstrate, as to each defendant, that while employed by or associated with an enterprise . . . the defendant directly or indirectly conducted or participated in the conduct of the affairs of such enterprise." *AFSCME Dist. Council 37 Health & Sec. Plan v. Bristol-Myers Squibb Co.*, 948 F. Supp. 2d 388, 344 (S.D.N.Y. 2013).

### 2. Application of RICO Legal Standards to the Proposed Third Amended Complaint

The proposed TAC does not adequately allege that the Bank Defendants and Geng Defendants participated in a RICO enterprise. "An enterprise is 'an entity separate and apart from the pattern of activity in which it engages.'" *Steel River Sys., LLC v. Variant Alt. Income Fund*, No. 24 Civ. 8676, 2025 WL 2531353, at *14 (S.D.N.Y. Sept. 3, 2025) (quoting *United States v. Turkette*, 452 U.S. 576, 583 (1981)). "For an association of individuals to constitute an enterprise," the Second Circuit requires "that the members of the association 'share a common purpose to engage in a particular fraudulent course of conduct and work together to achieve such purposes.'" *D. Penguin Bros.*, 587 F. App'x at 667-68. Here, Mr. Tang's proposed TAC presents two theories as to the Defendants' participation in a RICO enterprise. It first alleges that there is an association-in-fact-enterprise consisting of Mr. Qiao, his ex-wife, his adult son, and the companies they own and control, plus the Bank Defendants and the Geng Defendants, *see* Proposed TAC ¶ 135, which

5

"functioned for the purpose of profiting from . . . stolen money," *id.* ¶ 137. In the alternative, the proposed TAC alleges an association-in-fact-enterprise consisting of the same individuals and entities, minus the Bank Defendants, which functioned for the same alleged purpose—to profit from stolen money. *See id.* ¶¶ 136-37.

There are several issues with the proposed TAC's allegations concerning both purported association-in-fact-enterprises. Regarding the Bank Defendants, the proposed TAC, like the SAC, does not include "'specific factual allegations about the intent of any RICO defendant' other than Qiao." MTD Opinion at 10 (quoting *D. Penguin Bros.*, 587 F. App'x at 668). In other words, the proposed TAC does not establish that the Bank Defendants "share[d] a common purpose to engage in a particular fraudulent course of conduct and work[ed] together to achieve such purposes" with the other named Defendants. *D. Penguin Bros.*, 587 F. App'x at 668. Stating that the "[e]nterprise[s] functioned for the purpose of profiting from . . . stolen money," Proposed TAC ¶ 137, is insufficient. So is stating that the Bank Defendants were members of an enterprise that "devised and implemented a complicated criminal scheme . . . for the purpose of concealing . . . stolen money from authorities [and] investing and further profiting from stolen money." *Id.* ¶ 98. These allegations, and Mr. Tang's assertion that "[a] vast amount of stolen money has been invested in real estate and various business[es] and has been spread to many business[es] and persons in the form of loans and mortgages," *id.*, are "little more than a 'naked assertion[s]' devoid of 'further factual enhancement.'" *D. Penguin Bros.*, 587 F. App'x at 668 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

To adequately allege a RICO enterprise, the proposed TAC would need to state additional factual allegations, such as *who* managed the enterprise to which the Bank Defendants belonged, *Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993); *why* the Bank Defendants would seek to be associated with Mr. Qiao in a RICO enterprise, *see D. Penguin Bros.*, 587 F. App'x at 668; *where*

6

the Bank Defendants fit in the enterprise's hierarchy/organization, *see BWP Media USA Inc. v. Hollywood Fan Sites, LLC*, 69 F. Supp. 3d 342, 360 (S.D.N.Y. 2014); *how* the Bank Defendants profited from any such enterprise, *see D. Penguin Bros.*, 587 F. App'x at 668; and/or *what* the alleged enterprise to which the Bank Defendants belonged did "separate and apart from the predicate acts that allegedly comprise the alleged fraudulent scheme," *Steel River Sys.*, 2025 WL 2531353, at *14. The additional information Mr. Tang does include in the proposed TAC—that the Bank Defendants carried out transfers on Mr. Qiao's behalf—is insufficient because "rendering a professional service by itself does not qualify as participation in a RICO enterprise." *Rosner v. Bank of China*, 528 F. Supp. 2d 419, 431 (S.D.N.Y. 2007). Thus, the proposed TAC, like the SAC, fails to establish that Bank Defendants participated in a RICO enterprise.

Similarly, the proposed TAC fails to establish that the Geng Defendants participated in an association-in-fact-enterprise. At the outset, the Court notes that, as the Geng Defendants observe, there is a discrepancy between the allegations in the proposed TAC and Mr. Tang's assertions in his letter motion seeking leave to file that amended complaint. Mr. Tang states in his letter motion that he "does not allege any relationship between [the] Geng Defendants and Bank Defendants. As far as Plaintiff is concerned, [the] Geng Defendants and [] Bank Defendants can be in two different Enterprise[s] and thus [have] no relationship among them." ECF No. 138 at 2. But the first association-in-fact-enterprise alleged in the proposed TAC constitutes, among others, the Bank Defendants and the Geng Defendants. *See* Proposed TAC ¶ 135. Because an association-in-fact-enterprise requires that there be "relationships among those associated with the enterprise," *D. Penguin Bros.*, 587 F. App'x at 667, it cannot be that there is both no relationship between the Geng Defendants and Bank Defendants, as Mr. Tang asserts in his letter motion, and that the Geng Defendants and Bank Defendants are in the same enterprise, as he asserts in the proposed TAC. It

7

therefore appears as though, as a matter of law, the Geng Defendants cannot not be members of the first association-in-fact-enterprise alleged in the proposed TAC.

Even setting this issue aside, the proposed TAC still fails to establish that the Geng Defendants were members of a RICO association-in-fact-enterprise. The proposed TAC alleges that Mr. Qiao and the Geng Defendants "conspired over the phone multiple times about helping Defendant Qiao recover the stolen money that Defendant Qiao has transferred and lent to others," that the Geng Defendants "work[ed] with Defendant Qiao on a profit-sharing basis in connection with the stolen money, including but not limited to, the incorporation of shell companies, laundering the money through legitimate business[es] and collecti[ing] of the debt made with the stolen money," and that, to effectuate the agreements above, the Geng Defendants represented Mr. Qiao in at least one action in New York state court. Proposed TAC ¶¶ 111-14; 142. These allegations fail for similar reasons as those stated *supra* regarding the Bank Defendants. Namely, the allegations in the proposed TAC do not explain what, if any, relationship the Geng Defendants had with members of either enterprise other than Mr. Qiao (e.g., his ex-wife and son, or the Bank Defendants). And the proposed TAC does not explain beyond a naked assertion what, if anything, the Geng Defendants did to further the enterprise's purpose beyond providing a professional service—that is, legal representation—to Mr. Qiao. As established above, this "does not qualify as participation in a RICO enterprise." *Rosner*, 528 F. Supp. 2d at 431. The proposed TAC also does not explain how, if at all, the Geng Defendants' actions benefited either alleged enterprise "separate and apart from the predicate acts that allegedly comprise the alleged fraudulent scheme." *Steel River Sys.*, 2025 WL 2531353, at *14. In sum, the proposed TAC, like the SAC, fails to establish that Geng Defendants participated in a RICO enterprise.

Even assuming, *arguendo*, that Mr. Tang had established a RICO enterprise in the proposed TAC, his Motion would nonetheless be denied because his proposed pleading fails to establish that

8

either the Bank Defendants or the Geng Defendants engaged in a pattern of racketeering activity. The proposed TAC identifies various racketeering acts "each Defendant" is alleged to have engaged in. Proposed TAC ¶ 145; *see id.* (alleging "each Defendant has engaged in . . . international transport of stolen money, money laundering, monetary transactions in property derived from unlawful activity, mail/wire fraud, and immigration fraud"); *id.* ¶ 112 (accusing the Geng Defendants specifically of "incorporati[ng] . . . shell companies, laundering the money through legitimate business[es] and collecti[ng] . . . debt made with the stolen money"). With respect to the Geng Defendants, most of the allegations in the proposed TAC are as general and non-specific as the conclusory allegations the Court held insufficient to establish a pattern of racketeering activity in the SAC. *See* MTD Opinion at 12. The only specific allegation against the Geng Defendants is that they are representing Mr. Qiao in two lawsuits in New York state court. But, as explained *supra*, providing professional legal services is not a "racketeering activity" cognizable in a civil RICO claim.

Mr. Tang's allegations also fail with respect to the Bank Defendants. The proposed TAC recounts various instances where the Bank Defendants assisted Mr. Qiao in transferring, transporting, or spending funds he had illegally obtained. *See* Proposed TAC ¶¶ 76-96. It alleges, *inter alia*, that the Bank Defendants helped Mr. Qiao hide his transfers of stolen money, *see, e.g.*, *id.* ¶ 87, that they "accept[ed] . . . large cash deposit[s from Mr. Qiao] without questioning" them, *id.* ¶ 82, and that they "profit[ed] from investing the stolen money" by placing Mr. Qiao's stolen funds "in low interest accounts" and charging him "high fees and interest for services, such as asset management and mortgages," *id.* But the issue here, as was the case in the SAC, is that the proposed TAC does not establish that any of the Bank Defendants had knowledge of Mr. Qiao's racketeering activities. *See* MTD Opinion at 12.

9

The acts Mr. Tang alleges constitute pattern of racketeering activity with respect to the Bank Defendants all require such knowledge. *See Rosner*, 528 F. Supp. 2d at 430 (citing cases establishing knowledge requirement for mail fraud, wire fraud, money laundering, and transportation of stolen money); *United States v. Odiase*, 788 F. App'x 760, 762 (2d Cir. 2019) ("The offense of transacting property derived from a specified unlawful activity under 18 U.S.C. § 1957 requires a showing of knowledge that the money at issue was 'criminally derived property.'"). The proposed TAC attempts to establish the Bank Defendants' knowledge of the various racketeering acts by stating that each bank

> ha[d] the knowledge of Qiao's criminal activities and the source of the money because the Chinese government and law enforcement started investigating Defendant Qiao and other people involved in the scheme no later than November, 2011. [The] Chinese government issued the arrest warrant for Defendant Qiao in November, 2011 and Defendant Qiao was on the Interpol Red Notice most-wanted list. [The] Chinese government . . . followed Defendant Qiao's money trails, all of which originated from China. The money trail continued through various banks in Hong Kong SAR of the People's Republic of China and Singapore, over which China has control or influence. Therefore, [the Bank Defendants] had knowledge of the investigation but the scheme went on anyway.

Proposed TAC ¶ 96. Accepting these allegations as true, they nonetheless fail to establish that the Bank Defendants knew they were participating in any of the racketeering acts alleged in the proposed TAC. Mr. Tang cites no legal authority for the proposition that a defendant's knowledge of its participation in a pattern of racketeering can be inferred based on a government investigation of a different defendant in the enterprise's activities. Absent such a connection—that is, a clear link establishing that the Bank Defendants knew they were helping Mr. Qiao commit, *inter alia*, mail and wire fraud *because* the Chinese government was investigating Mr. Qiao for his crimes—the proposed TAC fails to establish a pattern of racketeering committed by the Bank Defendants. The proposed TAC, like the SAC, "lack[s] any reference to specific events that would suggest the Bank Defendants' . . . knowledge" of Mr. Qiao's fraud. MTD Opinion at 15.

10

* * *

Based on the foregoing, clearly, the proposed TAC "fail[s] to plead the existence of a RICO enterprise, which is the heart of any civil RICO claim," *Steel River Sys.*, 2025 WL 2531353, at *15. Moreover, the proposed TAC fails to plead a pattern of racketeering activity. Amendment of Mr. Tang's civil RICO claims is, therefore, futile. The Motion is denied as to his substantive RICO claim and the RICO conspiracy claim.

### 3. Mr. Tang's Civil Conspiracy Claim

The proposed TAC presents a "new" claim against all Defendants: a common law claim for civil conspiracy.[5] Proposed TAC ¶¶ 149-60. Mr. Tang's Motion is denied as to this claim as well.

While "New York does not recognize an independent tort of conspiracy," *Kirch v. Liberty Media Corp.*, 449 F.3d 388, 401 (2d Cir. 2006), "if an underlying, actionable tort is established, then a plaintiff may plead the existence of a conspiracy . . . to demonstrate that each defendant's conduct was part of a common scheme," *ACR Sys., Inc. v. Woori Bank*, No. 14 Civ. 2817, 2018 WL 1757019, at *6 (S.D.N.Y. Apr. 10, 2018). "To establish its claim of civil conspiracy, the plaintiff must demonstrate the primary tort, plus the following four elements: (1) an agreement between two or more parties; (2) an overt act in furtherance of the agreement; (3) the parties' intentional participation in the furtherance of a plan or purpose; and (4) resulting damage or injury." *Id.*

Here, Mr. Tang does not identify the "primary," "actionable" tort underlying his civil conspiracy claim. He also fails to establish at least one other requisite element for this claim: an agreement between the Defendants to commit the (unidentified) tort. These deficiencies are fatal

---

[5] The SAC contained a civil conspiracy claim as well, but that claim was only against a subset of the Defendants. The "new" conspiracy claim in the proposed TAC is against *all* Defendants.

11

to his proposed conspiracy claim. It is not adequately pleaded, and it cannot proceed as to any of the Defendants.

## CONCLUSION

For the reasons explained above, Mr. Tang's Letter Motion for Leave to File a TAC is **DENIED.**

Based on the lack of established association-in-fact-enterprises in the proposed TAC, the Motion is denied as to Mr. Tang's substantive RICO claim. Count I of the SAC, and Counts I & II of the proposed TAC, remain dismissed.

Because the proposed TAC does not present a surviving substantive RICO claim, Mr. Tang's RICO conspiracy claim (SAC Count II; Proposed TAC Count III) remains dismissed as well; the Motion is denied as to the RICO conspiracy claim.

Mr. Tang's claim for civil conspiracy (Proposed TAC Count V) is also dismissed for his failure to identify the requisite underlying tort. The Motion is denied insofar as it seeks to add a claim for common law civil conspiracy against all Defendants.

All claims against the Bank Defendants and Geng Defendants have been dismissed. The Clerk of Court is respectfully directed to terminate the Bank Defendants (HSBC Bank USA, N.A.; HSBC Bank Canada; HSBC Hong Kong; HSBC Holdings PLC; UBS Bank USA; UBS AG Singapore; UBS Group AG; and U.S. Bank N.A.) and the Geng Defendants (Geng & Associates P.C., Ting Geng, and Sylvia P. Tsai) from this case.

The Court shall treat the Second Amended Complaint, ECF No. 116, as the operative Complaint in this matter, subject to the following limitation: The only counts of the SAC that are live for adjudication are Counts 3, 6, 7, 8, 9, and 10. All counts in the SAC against the Bank Defendants and Geng Defendants are DISMISSED for the reasons discussed above. Count Four of the SAC, Mr. Tang's claim for civil conspiracy, is DISMISSED for the reasons stated above—

that is, because it fails to identify the requisite underlying tort or an agreement between the purported tortfeasors. Mr. Tang may proceed with his remaining claims against Mr. Qiao, Shilan Zhao, Yuxin Qiao, and Jane Doe.

An order setting and initial pretrial conference will issue separately.

The Clerk of Court is respectfully requested to terminate ECF No. 138.

SO ORDERED.

Dated: September 29, 2025

New York, New York

_____
DALE E. HO
United States District Judge